UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OBLIQUE WEAVER, ET AL. | CIVIL ACTION |
| VERSUS | 20-3151 |
| BRINK'S INC., ET AL | SECTION: "J" (3) |

## ORDER & REASONS

Before the Court is a *Motion for Remand* **(Rec. Doc. 3)** filed by Plaintiffs Oblique Weaver and Wylene Heron, which is opposed by Defendant Brinks, Inc. ("Brinks") (Rec. Doc. 9). Having considered the motion and legal memoranda, the record, and the applicable law, the Court find that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from personal injuries allegedly sustained from a motor vehicle accident that occurred on February 6, 2020, between Plaintiffs and a vehicle owned by Brinks and operated by Defendant Shakim J. McClary ("McClary"). Plaintiffs filed suit in state court on May 20, 2020, asserting Louisiana state law claims for negligence.[1] At the time of filing, McClary's identity was unknown, so he was named as a "John Doe" in the original petition.[2] On September 18, 2020, Plaintiffs filed an amended petition naming McClary as a defendant.[3] Plaintiffs attempted to serve McClary at the address listed on his Louisiana driver's license but

---

[1] (Petition for Damages, Rec. Doc. 1-2, at 1).
[2] *Id.* at 2.
[3] (First Amended Petition for Damages, Rec. Doc. 1-3, at 1).

were unsuccessful. On November 19, 2020, Brinks filed a notice of removal, asserting diversity of citizenship as the basis for jurisdiction. On January 7, 2021, Plaintiffs filed the instant motion to remand., and the following day, Plaintiffs served McClary at his residence in Texas.[4]

## PARTIES' ARGUMENTS

Plaintiffs first contend that their motion is timely because they did not receive notice of the removal until December 18, 2020, and filed their motions within 30 days of such. Plaintiffs next argue that the Court lacks subject matter jurisdiction because complete diversity did not exist at the time the original petition was filed. Specifically, Plaintiffs—Louisiana citizens—assert that when the action commenced, McClary was also a resident of Louisiana. Plaintiffs contend that McClary's continued possession of a Louisiana commercial driver's license establishes his Louisiana citizenship despite his possible presence in Texas.

Brinks concedes that Plaintiffs were not contemporaneously notified of removal and does not object to the timeliness of Plaintiffs' motion. Nevertheless, Brinks contends that removal was proper because at the time the original petition was filed, McClary was not a Louisiana resident, but had established his domicile in Texas.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28

---

[4] (Rec. Doc. 6).

U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000). When a case is removed based on diversity, the case must have been removable at the time it was filed in state court, meaning that post-filing changes in a party's citizenship will not convert a nonremovable case into a removable one. *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 575 (2004). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

Complete diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Domicile is determined as of the time of commencement of a suit, and subsequent changes in domicile will not destroy diversity jurisdiction. *See id.* at 249; 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3612 (3d ed. 2020).

## DISCUSSION

"[D]iversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury*, 85 F.3d at 249. To determine

whether remand is appropriate, the sole question at issue is whether McClary was a Louisiana citizen at the time the original petition was filed. Brinks contends that although McClary was a Louisiana citizen at the time of the accident, he changed his domicile to Texas prior to the suit being filed.

"A person's domicile persists until a new one is acquired or it is clearly abandoned." *Id.* at 250. A party alleging a change in domicile and asserting federal jurisdiction has the burden of establishing jurisdiction. *See id.* Establishing a change in domicile requires showing "(1) physical presence at the new location and (2) an intention to remain there indefinitely." *Id.* Mere presence is not sufficient. *Id.*

To determine intent, courts consider factors such as "where a litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs or churches, has places of business or employment, and maintains a home for his family." *Id.* No one factor is dispositive. *Id.* To make this assessment, "a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Id.* at 249.

There is no dispute that McClary was once domiciled in Louisiana. However, Brinks asserts that McClary established his domicile in Texas before Plaintiffs filed their petition on May 20, 2020. Specifically, Brinks contends that on May 2, 2020, McClary terminated the lease for his Louisiana residence, emptied a storage unit

4

containing his personal belongings, and moved with his partner to Spring, Texas.[5] He then began employment in Texas on May 4, 2020.[6] The only time he returned to Louisiana since May 2020 was to retrieve the rest of his furniture after he found a townhouse to lease.[7] Although McClary still has a Louisiana driver's license, he attests that he intends to obtain a Texas driver's license but has been delayed due to the COVID-19 pandemic.[8] Further, he attests that he "intend[s] to remain in Texas."[9]

In support of remand, the only evidence Plaintiffs present of McClary's intent to return to Louisiana is his Louisiana driver's license.[10] However, "there is no requirement in establishing a new domicile that a person severs all ties with their previous domicile." *Cox, Cox, File, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, No. 11-CV-856, 2012 WL 262613, at *5 (W.D. La. Jan. 30, 2012). Further, McClary has stated that he intends to obtain a Texas driver's license and remain in Texas. Although a "litigant's statement of intent . . . is entitled to little weight if it conflicts with the objective facts," *Coury*, 85 F.3d at 251, the Court finds McClary's statements credible because they comport with the facts in the record.

Additionally, Plaintiffs' reliance on McClary's use of a Louisiana address at the time of the accident, as reflected on the accident report form, is unavailing, as the relevant time for determining his domicile is when the action was commenced. *See id.* at 249. The record reflects that, by the time Plaintiffs filed suit, McClary had

---

[5] (Rec. Doc. 9-1, at 1).
[6] *Id.*
[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] (*See* Rec. Doc. 3-8, at 1).

moved to Texas, found a job there, and was staying with family while looking for permanent housing. Therefore, Brinks has established that McClary is a citizen of Texas and that diversity jurisdiction exists, and Plaintiffs' motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Remand* **(Rec. Doc. 3)** is **DENIED**.

New Orleans, Louisiana, this 15th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE